UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

KAREEM ROBERTS,

Plaintiff,

-against-

CITY OF NEW YORK, JOSEPH MARQUEZ, Individually,
KENNETH TUCKER, Individually, ALLEJANDRINA CASTILLO,
Individually, EMELIO RODRIQUES, Individually, and JOHN
JANE DOE 1 through 10, Individually (the names John and Jane
Doe being fictitious, as the true names are presently unknown),

Defendants,

------------------------------------------------------------------X

**AMENDED
COMPLAINT**

12 CV 9309 (LTS)

Jury Trial Demanded

Plaintiff KAREEM ROBERTS, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

**Preliminary Statement**

1.  Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

**JURISDICTION**

2.  This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and the Constitution of the State of New York.

3.  Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

**VENUE**

4.  Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff KAREEM ROBERTS is a twenty-two year old African American man

and a citizen of the United States of America.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police

Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police

department, authorized to perform all functions of a police department as per the applicable

sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants,

JOSEPH MARQUEZ, KENNETH TUCKER, ALLEJANDRINA CASTILLO, EMELIO

RODRIQUES, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said

department and were acting under the supervision of said department and according to their

official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said

2

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

**FACTS**

12.    This action arises from the defendants' custom, policy and practice of racial profiling and harassment resulting in the successive violations of plaintiff's civil rights on October 12, 2010 and September 21, 2011.

**Incident One**

13.    On October 12, 2010, at approximately 11:00 a.m., plaintiff KAREEM ROBERTS was lawfully sitting on a bench on the corner of Magenta Street across from Cruger Avenue, in the Bronx, New York, smoking a tobacco cigarette.

14.    At the aforesaid time and place, defendants, including but not limited to JOSEPH MARQUEZ and KENNETH TUCKER, approached plaintiff, ordered plaintiff to stand up, grabbed plaintiff by the arm, twisted plaintiff's arm behind his back and slammed him chest first into the bench.

15.    The defendant officers searched plaintiff by patting him down and searching inside plaintiff's pockets.

16.    The defendant officers then placed handcuffs on plaintiff's wrists, escorted plaintiff to a police vehicle, and imprisoned him therein.

17.    Shortly thereafter, by the corner of Magenta Street and Holland Avenue, the defendant officers removed plaintiff from said vehicle and, while plaintiff was handcuffed, a defendant officer searched plaintiff again by putting his hands inside of plaintiff's pants and touching his rectal and genital areas.

18.    Notwithstanding the fact that plaintiff did not possess any contraband, the

3

defendant officers again imprisoned plaintiff inside of said vehicle.

19. The defendant officers drove said vehicle with plaintiff imprisoned therein for approximately one hour.

20. Eventually, the defendant officers transported plaintiff to an NYPD precinct and imprisoned plaintiff therein.

21. While imprisoned therein, defendant officers escorted plaintiff to a room and ordered him to remove all of his clothing.

22. When plaintiff initially protested this order, the defendant officers grabbed him, slammed him to the floor, forcefully removed his pants and underwear, and used their gloved hands to spread plaintiff's buttocks and search plaintiff's rectal area.

23. Although the defendant officers found no contraband on plaintiff, they placed shackles and handcuffs on plaintiff and imprisoned him inside of a cell for approximately three to four hours with said restraints.

24. Plaintiff remained imprisoned inside the precinct until approximately 3:20 a.m., on October 13, 2010, when the defendant officers released plaintiff without charging him with any crimes or offenses.

25. Defendant JOHN or JANE DOE 1 supervised defendants MARQUEZ, and JOHN and JANE DOE 2 through 5 and approved of, oversaw, and otherwise participated and presided over the defendants' arrest, search, and imprisonment of plaintiff.

26. All of the above occurred while defendants MARQUEZ, and JOHN and JANE DOE 1 through 5 participated in and/or failed to intervene in the illegal conduct described herein.

**Incident Two**

27. On September 21, 2011 at approximately 2:00 a.m., plaintiff was lawfully present

4

in the vicinity of White Plains Road between 211th and 212th Streets, in the Bronx, New York.

28.     At the aforesaid time and place, the defendant officers, believed to include officers ALLEJANDRINA CASTILLO and EMELIO RODRIQUES stopped plaintiff.

29.     When plaintiff questioned why he was being stopped, the defendant officers punched plaintiff in the face, causing him to fall to the ground.

30.     While plaintiff was on the ground, the defendant officers repeatedly kicked plaintiff on his back and struck him in the head with a baton, radio, or other hard object.

31.     After assaulting and battering plaintiff, the defendant officers transported plaintiff to the 47th Precinct Stationhouse.

32.     While at the stationhouse, a defendant officer slammed plaintiff's head into a table while plaintiff was rear handcuffed.

33.     Notwithstanding plaintiffs' visible injuries, the defendant officers imprisoned plaintiff inside the precinct until approximately 2:45 p.m., on September 21, 2011, when the defendant officers finally summoned an ambulance to the location, which transported plaintiff to Montefiore Medical Center.

34.     At Montefiore Medical Center, plaintiff was diagnosed with a lacerated lower lip, and contusions and swelling to his face and jaw.  Plaintiff also complained of headaches.

35.     After receiving treatment for his injuries, the defendant officers again imprisoned plaintiff, and then transported plaintiff to Central Booking.

36.     While at Central Booking, a defendant officer, believed to be employed by the Department of Correction, assaulted and battered plaintiff.

37.     The officer slammed plaintiff to the floor, and punched him in the head, ribs, back and legs.

5

38.     Plaintiff remained imprisoned until his arraignment on September 22, 2011 in Bronx County Criminal Court on baseless charges filed under docket number 2011BX052093, said charges having been filed based on the false allegations of the defendant officers.  The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

39.     As a result of the defendant officers' false statements, the presiding judge set bail on plaintiff's case, causing him to be imprisoned in the Vernon C. Bain Correctional Center until he returned to Court on September 27, 2011, when he was released on his own recognizance.

40.     As result of the defendant officers' false statements, plaintiff was compelled to return to court until on or about January 4, 2012, when all the false charges lodged against him were dismissed and sealed.

41.     Defendant RODRIQUES, an NYPD Sergeant, was present on scene during the incident, and supervised defendants CASTILLO and JOHN and JANE DOE 7 through 10 and approved of, oversaw, and otherwise participated in and presided over the defendants' beating, arrest, and prosecution of plaintiff.

42.     All of the above occurred while defendants RODRIQUES, CASTILLO, and JOHN and JANE DOE 6 through 10 participated in and/or failed to intervene in the illegal conduct described herein.

**As to Incidents One and Two**

43.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and due to discrimination

against plaintiff due to his race and/or nationality.

44.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained on the constitutional prerequisites to stopping and detaining individuals, stripping searching individuals, regarding the use of reasonable force, and that they engage in falsification.

45.     Defendant CITY OF NEW YORK is further aware that many NYPD officers disproportionately stop, detain, and search African American men despite lacking a reasonable suspicion or probable cause to do so.

46.     Defendant CITY OF NEW YORK is aware that such improper training and conduct has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

47.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

48.     As a result of the foregoing, plaintiff KAREEM ROBERTS sustained, *inter alia*, physical pain and suffering, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

49.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "48" with the same force and effect as if fully set forth herein.

50.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

51.     All of the aforementioned acts deprived plaintiff KAREEM ROBERTS, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

52.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

53.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

54.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

55.     As a result of the foregoing, plaintiff KAREEM ROBERTS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

56.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     On October 12, 2010 and September 21, 2011, the defendants arrested plaintiff KAREEM ROBERTS without probable cause, causing him to be detained against his will for an extended period of time and subjected him to physical restraints.

58.     Defendants caused plaintiff KAREEM ROBERTS, to be falsely arrested and unlawfully imprisoned.

59.     As a result of the foregoing, plaintiff KAREEM ROBERTS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Fourth Amendment Claim of Unreasonable Search under 42 U.S.C. § 1983)

60.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     On October 12, 2010, the defendants unreasonably searched plaintiff KAREEM ROBERTS by searching in his pants and touching plaintiff's buttocks and genitalia in public view.

62.     Defendants caused KAREEM ROBERTS to be unreasonably searched thereby causing plaintiff to suffer emotional distress, embarrassment and humiliation.

63.     As a result of the foregoing, plaintiff KAREEM ROBERTS is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

64.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.   The level of force employed by defendants on October 12, 2010 and September 21, 2011 was excessive, objectively unreasonable and otherwise in violation of plaintiff KAREEM ROBERTS' constitutional rights.

66.   As a result of the aforementioned conduct of defendants, plaintiff KAREEM ROBERTS, was subjected to excessive force and sustained physical pain and suffering and emotional distress.

67.   As a result of the foregoing, plaintiff KAREEM ROBERTS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Unlawful Strip Search under 42 U.S.C. §1983)

68.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.   Plaintiff was strip searched on October 12, 2010 in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched.

10

70. Defendants thereby caused plaintiff KAREEM ROBERTS to be deprived of his right to be free from unlawful strip searches.

71. As a result of the foregoing, plaintiff KAREEM ROBERTS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

72. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. Defendants issued criminal process against plaintiff KAREEM ROBERTS on September 21, 2011 by causing him to be arraigned and prosecuted for various violations of the Penal Law.

74. Defendants caused plaintiff KAREEM ROBERTS to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority and thereby violated plaintiff's right to be free from malicious abuse of process.

75. As a result of the foregoing, plaintiff KAREEM ROBERTS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

76. Plaintiff repeats, reiterates and realleges each and every allegation contained in

11

paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.    Defendants initiated, commenced and continued a malicious prosecution against plaintiff September 21, 2011 by providing false information to the Bronx County District Attorney's office.

78.    The aforesaid prosecution terminated in favor of plaintiff when it was dismissed on or about January 4, 2012.

79.    As a result of the foregoing, plaintiff KAREEM ROBERTS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

80.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.    Defendants had an affirmative duty to intervene on behalf of plaintiff KAREEM ROBERTS, whose constitutional rights were being violated in their presence by other officers on October 12, 2010 and September 21, 2011.

82.    The defendants failed to intervene to prevent the unlawful conduct described herein.

83.    As a result of the foregoing, plaintiff KAREEM ROBERTS was subjected to false arrest, illegal strip search, malicious prosecution, and excessive force; his liberty was restricted for an extended period of time; he was put in fear of his safety; he was humiliated; and he was subjected to handcuffing and other physical restraints.

12

84.     As a result of the foregoing, plaintiff KAREEM ROBERTS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

85.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.     The defendants subjected plaintiff KAREEM ROBERTS to false arrest, illegal strip search, malicious prosecution, and excessive force because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

87.     As a result of the foregoing, plaintiff KAREEM ROBERTS was deprived of his rights under the Equal Protection Clause of the United States Constitution.

88.     As a result of the foregoing, plaintiff KAREEM ROBERTS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

89.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth

Amendment.

91.     As a result of the foregoing, plaintiff KAREEM ROBERTS was deprived of his liberty and right to substantive due process, causing emotional and physical injuries.

92.     As a result of the foregoing, plaintiff KAREEM ROBERTS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

93.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.     The supervisory defendants personally caused plaintiff's constitutional injuries on October 12, 2010 and September 21, 2011 by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

95.     As a result of the foregoing, plaintiff KAREEM ROBERTS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

96.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

98.   The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to: unlawfully stopping and detaining individuals; arresting individuals without probable cause; committing perjury and/or manufacturing evidence in an effort to justify said arrests or for other collateral reasons, such as overtime compensation; and engaging in falsification.

99.   In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of illegally strip searching individuals in the absence of reasonable individualized suspicion that the citizen was in possession of weapons or contraband at the time of the search; and subjecting individuals to the excessive and unreasonable force.

100.   In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff KAREEM ROBERTS' rights as described herein.

101.   As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

102.   The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff KAREEM ROBERTS.

103.   The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff KAREEM ROBERTS, as alleged

herein.

104.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff KAREEM ROBERTS, as alleged herein.

105.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff KAREEM ROBERTS was unlawfully seized, detained, incarcerated, strip searched, subjected to excessive force, and maliciously prosecuted.

106.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff KAREEM ROBERTS' constitutional rights.

107.    All of the foregoing acts by defendants deprived plaintiff KAREEM ROBERTS of federally protected rights, including, but not limited to, the right:

      A.    Not to be deprived of liberty without due process of law;

      B.    To be free from seizure and arrest not based upon probable cause;

      C.    To be free from malicious prosecution;

      D.    To be free from unreasonable and excessive force;

      E.    To be free from unlawful searches and strip searches;

      F.    To receive equal protection under law; and

      G.    To be free from the failure to intervene.

108.    As a result of the foregoing, plaintiff KAREEM ROBERTS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### Supplemental State Law Claims

109.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "108" with the same force and effect as if fully set forth herein.

110.   Within ninety (90) days after the September 21, 2011 claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

111.   The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

112.   This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

113.   Plaintiff has complied with all conditions precedent to maintaining the instant action.

114.   This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

115.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "114" with the same force and effect as if fully set forth herein.

17

116.    On September 21, 2011, the defendants arrested plaintiff KAREEM ROBERTS without probable cause.

117.    Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

118.    As a result of the aforementioned conduct, plaintiff KAREEM ROBERTS was unlawfully imprisoned in violation of the laws of the State of New York.

119.    As a result of the aforementioned conduct, plaintiff KAREEM ROBERTS suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

120.    As a result of the foregoing, plaintiff KAREEM ROBERTS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

121.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "120" with the same force and effect as if fully set forth herein.

122.    As a result of the defendants conduct on September 21, 2011, plaintiff KAREEM ROBERTS was placed in apprehension of imminent harmful and offensive bodily contact.

123.    As a result of defendant's conduct, plaintiff KAREEM ROBERTS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

18

124.   As a result of the foregoing, plaintiff KAREEM ROBERTS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

125.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "124" with the same force and effect as if fully set forth herein.

126.   On September 21, 2011, defendants made offensive contact with plaintiff KAREEM ROBERTS without privilege or consent.

127.   As a result of defendants' conduct, plaintiff KAREEM ROBERTS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

128.   As a result of the foregoing, plaintiff KAREEM ROBERTS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Malicious Prosecution under the laws of the State of New York)

129.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "128" with the same force and effect as if fully set forth herein.

130.   On September 21, 2011, defendants initiated, commenced and continued a

19

malicious prosecution against plaintiff KAREEM ROBERTS.

131.    Defendants caused plaintiff KAREEM ROBERTS to be prosecuted without probable cause until the charges were dismissed on or about January 4, 2012.

132.    As a result of the foregoing, plaintiff KAREEM ROBERTS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### (Malicious Abuse of Process under laws of the State of New York)

133.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "132" with the same force and effect as if fully set forth herein.

134.    Defendants issued criminal process against plaintiff KAREEM ROBERTS on September 21, 2011 by causing him to be arrested, arraigned and prosecuted in a criminal court.

135.    Defendants caused plaintiff KAREEM ROBERTS to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority.

136.    As a result of the foregoing, plaintiff KAREEM ROBERTS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

137.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in

20

paragraphs numbered "1" through "136" with the same force and effect as if fully set forth herein.

138.   The aforementioned conduct on September 21, 2011 was extreme and outrageous, and exceeded all reasonable bounds of decency.

139.   The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

140.   The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

141.   The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff KAREEM ROBERTS.

142.   As a result of the aforementioned conduct, plaintiff KAREEM ROBERTS suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

143.   As a result of the foregoing, plaintiff KAREEM ROBERTS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

144.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "143" with the same force and effect as if fully set forth herein.

145.   Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted

and participated in the September 21, 2011 acts of misconduct alleged herein.

146.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

147.    As a result of the foregoing, plaintiff KAREEM ROBERTS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

148.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "147" with the same force and effect as if fully set forth herein.

149.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the September 21, 2011 acts of misconduct alleged herein.

150.    As a result of the foregoing, plaintiff KAREEM ROBERTS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

151.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "150" with the same force and effect as if fully set forth

herein.

152.   Plaintiff's injuries arising from the September 21, 2011 incident were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

153.   As a result of the foregoing, plaintiff KAREEM ROBERTS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWENTY-SECOND CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

154.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "153" with the same force and effect as if fully set forth herein.

155.   Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct occurring on September 21, 2011.

156.   As a result of the foregoing, plaintiff KAREEM ROBERTS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWENTY-THIRD CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

157.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "156" with the same force and effect as if fully set forth herein.

158.    As a result of defendants' conduct, plaintiff KAREEM ROBERTS was deprived of his right to security against unreasonable searches, seizures, and interceptions.

159.    As a result of the foregoing, plaintiff KAREEEM ROBERTS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-FOURTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §11)

160.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "159" with the same force and effect as if fully set forth herein.

161.    As a result of defendants' conduct, plaintiff KAREEM ROBERTS was deprived of his right to equal protection of laws.

162.    As a result of the foregoing, plaintiff KAREEM ROBERTS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff KAREEM ROBERTS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages against the individual defendants in an amount to be determined by a jury;

(C)   reasonable attorneys' fees and the costs and disbursements of this action; and

(D)   such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       June 25, 2013

                               LEVENTHAL & KLEIN, LLP
                               Attorneys for Plaintiff KAREEM ROBERTS
                               45 Main Street, Suite 230
                               Brooklyn, New York 11201
                               (718) 722-4100

By:                             
                               BRETT H. KLEIN (BK4744)

25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

KAREEM ROBERTS,

                                Plaintiff,

           -against-

CITY OF NEW YORK, JOSEPH MARQUEZ, Individually,
KENNETH TUCKER, Individually, ALLEJANDRINA CASTILLO,
Individually, EMELIO RODRIQUES, Individually, and JOHN
JANE DOE 1 through 10, Individually (the names John and Jane
Doe being fictitious, as the true names are presently unknown),

                              Defendants.

12 CV 1136 (LTS)

-------------------------------------------------------------------------------X


## AMENDED COMPLAINT


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100